**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | | |
|---|---|---|
| **MARK WEBER,** | ) | CV-05-83-BU-RFC |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| **TWIN BRIDGES SCHOOL DISTRICT,** | ) | |
| **CONSOLIDATED SCHOOL DISTRICT** | ) | |
| **NO. 7, MADISON COUNTY** | ) | |
| | ) | |
| **Defendant** | ) | |
| _____ | ) | |

Plaintiff Mark Weber has asked the Court to prohibit Defendant TBSD from raising a "qualified immunity defense based on the reasonableness of its actions" at the upcoming trial, citing *Owen v. City of Independence, Mo.*, 445 U.S. 622 (1980). Since qualified immunity applies only to individuals and not local governmental entities, *Humphries v. County of L.A.*, 554 F.3d 1170, 1201 (9th Cir. 2009), and there is no individual defendant remaining in this case, qualified immunity is not at issue. *Owen* did not address deliberate indifference or ratification in the municipal liability context. It is therefore inapposite.

1

More on point is the recent decision in *Mortimer v. Baca*, where the Ninth Circuit indicated that a municipal defendant may defend against a claim of deliberate indifference with evidence that its policies were reasonable. 594 F.3d 714, 718, 722 (9th Cir. 2010).  To hold otherwise would effectively preclude a municipality from defending itself against a claim of deliberate indifference to constitutional rights.  That cannot be.

With regard to a second issue raised at the final pretrial conference, Weber has objected to several witnesses and exhibits listed by TBSD on the grounds that they were not disclosed timely as required by Rule 26 Fed.R.Civ.P.  *Doc. 122.* These witness and exhibits relate to whether Weber mitigated his damages by seeking employment with nearby school districts.

Under Rule 26(a) Fed.R.Civ.P., a party's initial disclosure must include the names and addresses of witnesses, as well as a copy of documents within its possession or control, that it intends to use in support of its claims or defenses, unless the use is solely for impeachment.  Recognizing that a party may not have all of this information at the time of the initial disclosures, Rule 26(e) further requires a party to supplement these disclosures in a timely manner.  Rule 37(c) Fed.R.Civ.P. makes clear that a failure to disclose or supplement as required by Rules 26(a) or (e) precludes the party from offering the evidence or witness at trial, unless the failure

was substantially justified or is harmless. Since the challenged documents and witnesses were not disclosed until May 24, 2010, discovery has long since closed, and the trial will commence on June 14, 2010, the failure to disclose is not harmless.

At the final pretrial conference, TBSD responded to Weber's objection to the late disclosure with the argument that such witnesses and exhibits did not have to be disclosed because they were intended for rebuttal purposes. Because a Defendant ordinarily does not have a rebuttal case, but a case-in-chief in which it offers its own evidence, the Court presumes that TBSD meant to say that these exhibits and witnesses would be offered for impeachment.

In any event, substantive evidence, whether testimony or documents, that Weber failed to mitigate his damages is not impeachment evidence. Accordingly, unless TBSD's failure to disclose these witnesses and documents is "substantially justified," they must be excluded.

SO ORDERED.

Dated this 10th day of June 2010.

>*/s/ Richard F. Cebull*_____
> Richard F. Cebull
> United States District Judge

3